IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| BOKF, N.A., as successor indenture trustee,<br><br>    Plaintiff,<br><br>    *v.*<br><br>NATIONAL ASSISTANCE BUREAU, INC., CHATTAHOOCHEE NURSING, LLC, and GREYSTOKE HEALTH SYSTEMS, LTD.,<br><br>    Defendant. | Civil Action File Number:<br>5:15-CV-00382-MTT |

## MEMORANDUM OF LAW IN SUPPORT OF CONSENT MOTION TO STAY

COMES NOW Plaintiff, BOKF, N.A., d/b/a Bank of Oklahoma, solely in its capacity as successor indenture trustee ("Indenture Trustee"), under that certain Trust Indenture dated as of March 1, 2000 ("Indenture"), together with Defendants who have appeared in this litigation, Chattahoochee Nursing, LLC ("Chattahoochee Nursing") and Greystoke Health Systems, Ltd. ("Greystoke" and collectively, "Defendants"), and hereby file this memorandum of law in support of their *Consent Motion to Stay* ("Consent Motion"), filed contemporaneously herewith. At this time, the Indenture Trustee is presently satisfied that the remedies it seeks are being achieved through a related bankruptcy proceeding and by a proceeding brought by the United States Securities and Exchange Commission, as set forth in more detail below. The parties believe that a stay is appropriate in order to allow time to determine how these proceedings unfold.

## I.     RELEVANT BACKGROUND[1]

The Indenture Trustee is the successor trustee for Four Million One Hundred Eighty Five Thousand and No/100 Dollars ($4,185,000.00) of Development Authority of Bibb County First Mortgage Revenue Bonds (National Assistance Bureau, Inc. Project) Series 2000A ("Bonds"). Doc. 1 at ¶ 1. The Bonds were issued in order to finance the acquisition and rehabilitation of the Porter Field Health & Rehab nursing facility, a 143-bed facility located in Bibb County, Georgia (the "Facility").  Doc. 1 at ¶¶ 1–2.

The Indenture Trustee brought this litigation on October 1, 2015 in order to enforce its and its bondholders' rights under the Trust Indenture, as well as that certain Loan Agreement and Security Deed between Defendant National Assistance Bureau, Inc. ("NAB") and the Development Authority of Bibb County ("Development Authority"), each dated March 1, 2000. Doc. 1 at ¶4. As alleged in the Indenture Trustee's *Verified Complaint for Damages, Appointment of Receiver, Injunctive Relief, and an Accounting* (the "Verified Complaint"), NAB, the borrower and obligor under the Loan Agreement and Security Deed, defaulted on its payment obligations and other covenants.  Doc. 1 at ¶¶ 4, 34–37. In addition to damages and injunctive relief, the Indenture Trustee seeks the appointment of a Receiver in order to: (1) ensure that the Facility is not transferred away to a third party, leaving the Indenture Trustee and its bondholders without adequate security, and (2) to ensure that the Facility could be made into a profitable and sustainable enterprise.  Docs. 4, 5.

Defendant NAB is named in this litigation because it is the borrower and obligor under (1) the Loan Agreement which financed NAB's acquisition and rehabilitation of the Facility and (2)

---

[1] The parties set forth the following background in order to summarize the procedural history and factual basis of this litigation. The parties note that, to the extent that additional facts are helpful for this Court in deciding the Consent Motion, such facts will be set forth in Section II of this Consent Motion, titled "Grounds for Consent Motion".

the Security Deed which secured the same. Doc. 1 at ¶¶ 4, 15. The Indenture Trustee was eventually assigned all of the Development Authority's rights and interests under the Loan Agreement and the Security Deed. Doc. 1 at ¶ 11. As alleged in the Verified Complaint, NAB has defaulted on its payment obligations and other covenants under both the Loan Agreement and the Security Deed. *See, e.g.*, Doc. 1 at ¶¶ 34–37. Subsequent to the filing of the Verified Complaint, NAB filed for Chapter 11 bankruptcy in the United States Bankruptcy Court for the Northern District of Georgia. *See In re Nat'l Assistance Bureau*, No. 15-69786-mgd (Bankr. N.D. Ga. Oct. 13, 2015) (the "NAB Bankruptcy"). NAB remains unrepresented by counsel in this litigation.

Defendant Chattahoochee Nursing is named in this litigation because, following a series of assignments from NAB to other assignees, Chattahoochee Nursing took title ownership of the Facility on June 1, 2012. Doc. 1 at ¶ 48. After the Indenture Trustee initiated this litigation, Chattahoochee Nursing quitclaimed title to the Facility to NAB on October 20, 2015. Doc. 14-2 . Among other remedies, the Indenture Trustee, via its Verified Complaint, seeks repayment from Chattahoochee Nursing to the extent it is in possession of cash collateral currently due and owing to the Indenture Trustee under the Bonds and pursuant under the Loan Agreement and the Security Deed. Doc. 1 at ¶ (d). Chattahoochee Nursing is represented by undersigned counsel, and answered the Indenture Trustee's Verified Complaint on January 7, 2016.

Defendant Greystoke is named in this litigation because it currently manages and possesses the Facility. Doc. 1 at ¶ 19. Greystoke is represented by undersigned counsel, and answered the Indenture Trustee's Complaint on November 6, 2015.

## II.      GROUNDS FOR CONSENT MOTION

**A.     *This litigation is stayed as to NAB, the borrower under the Loan Agreement and Security Deed, and its property—including the Indenture Trustee's collateral***

As an initial matter, although NAB is not represented by counsel, for purposes of this Motion only and without prejudicing the Indenture Trustee's rights to argue otherwise related to future proceedings, the Indenture Trustee considers this action to be stayed as to NAB pursuant to the automatic stay of bankruptcy set forth at 11 U.S.C. § 362.  Generally, 11 U.S.C. § 362(a) provides that the filing of a bankruptcy petition "operates as a stay, applicable to all entities, of – (1) the commencement of continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was . . . commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title."  Moreover, the filing of a bankruptcy petition stays "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate . . . ."  "The automatic stay is [also] not available to non-bankrupt co-defendants of a debtor even if they are in a similar legal or factual nexus with the debtor." *In re Stewart*, 329 B.R. 910, 914 (M.D. Ga. Bankr. Mar. 31, 2005) (alterations omitted) (citing *Maritime Elec. Co. v. United Jersey Bank*, 959 F.2d 1994, 1205 (3d Cir. 1991), *Croyden Assocs. v. Alleco, Inc.*, 969 F.2d 675, 677 (8th Cir. 1992), and *Lynch v. Johns-Manville Sales Corp.*, 710 F.2d 1194, 1196–1197 (6th Cir. 1983)).  Accordingly, NAB—a crucial party Defendant, and the original borrower and obligor under the Loan Agreement and Security Deed—is not actively participating in this litigation.  The Indenture Trustee and Chattahoochee Nursing have appeared in the NAB Bankruptcy and are currently participating in that matter as creditors.

Because Chattahoochee Nursing conveyed its ownership interest in the Facility to NAB on October 20, 2015, and because NAB has filed for bankruptcy protection, until a contract order

from the Bankruptcy Court, the Facility is property of NAB's Chapter 11 bankruptcy estate. Accordingly, many of the Indenture Trustee's requested remedies—in particular, its request for a Receiver and for an injunction to prevent the transfer of the Indenture Trustee's collateral under the Loan Agreement and the Security Deed—are temporarily satisfied. Under the Bankruptcy Code, NAB cannot transfer property in its bankruptcy estate without process. *See generally* 11 U.S.C. § 363 (providing for procedures with respect to the sale of bankruptcy estate assets in Chapter 11 bankruptcies). Given the protections afforded to creditors in Chapter 11 bankruptcy cases, the Indenture Trustee is amenable to staying this litigation while the Facility remains property of NAB's bankruptcy estate.

**B.**     ***The Indenture Trustee is also satisfied with the status quo because it is receiving lease payments being paid by Defendant Greystoke on account of its use of the Facility.***

Greystoke and NAB have agreed as part of the Bankruptcy Case that the Indenture Trustee shall receive direct adequate protection payments in the form of a majority share of the regular lease payments paid by Greystoke for the use of the Facility. While NAB's arrearages under the loan documents are significant, and while NAB remains in default on its payment obligations and covenants, the Indenture Trustee is temporarily satisfied with the status quo in light of the payments being received from Greystoke through the Bankruptcy Case. These payments are being applied to the amounts due from NAB pursuant to the loan documents. Accordingly, the parties request that the Court stay this litigation in order to allow the parties to works toward a settlement of NAB's obligations in the Bankruptcy Case without further legal expense in connection with this case.

**C.**     ***NAB has represented to the Securities and Exchange Commission that the bondholders with interests in NAB's projects will be made whole.***

The Indenture Trustee further believes that, at this time, additional litigation before this Court is unnecessary given certain representations that NAB's primary principal, Mr. Christopher F. Brogdon ("Brogdon"), has made to the United States Securities and Exchange Commission ("SEC").  On November 20, 2015, the SEC filed a lawsuit against Brogdon and various people and business entities related to him, including NAB.  *See Secs. & Exchange Comm'n v. Christopher F. Brogdon, et al.*, 2:15-cv-08173-KM-JBC (D.N.J. Nov. 20, 2015) ("SEC Litigation").  Per the SEC, the stated purpose of this lawsuit is "to halt ongoing fraudulent conduct by [Brogdon] in connection with his business of purchasing, constructing, renovating, leasing, managing and selling nursing homes, assisted living facilities, and retirement housing . . . ." *See* SEC Litigation, Doc. 1, at ¶ 1.

The SEC has successfully sought a court-appointed Monitor to oversee Brogdon and his affiliated entities with respect to their ongoing operations and the outstanding payment obligations they owe to bondholders.  *See* SEC Litigation, Doc. 57, at 2.  Specifically, the District of New Jersey appointed this Monitor given that Brogdon undertook to, *inter alia*: (1) repay municipal bonds, (2) propose a plan "for the fair, prompt, and efficient disposition or refinancing of all or part of the entities and assets owned or controlled . . . by Defendant . . . as needed, to repay the Investors", and (3) provide quarterly updates with respect to Brogdon's implementation of the repayment plan with the SEC.  *See id.*  Given Brogdon's representations to the federal government, the Indenture Trustee is satisfied with temporarily staying this litigation in order to allow the SEC to assist with having NAB and/or Brogdon cure NAB's defaults under the Loan Agreement and the Security Deed, which will likely be accomplished through a sale of the Facility.

**D.**     *The parties agree that a stay, rather than dismissal, is the proper course of action.*

The Indenture Trustee is not yet willing to dismiss this litigation outright, given the time and expense it has expended to prosecute this claim thus far.  More fundamentally, the Indenture Trustee simply does not know how the NAB Bankruptcy or the SEC Litigation will unfold. The status quo is presently acceptable to the Indenture Trustee: Greystoke is making adequate protection payments to the Indenture Trustee through the Bankruptcy Case, the Facility is protected from sale by the Bankruptcy Code, and the SEC may secure additional compensation for the Indenture Trustee and its bondholders. However, this could change quickly depending upon developments in the Bankruptcy Case and in the SEC Litigation.  If so, the Indenture Trustee would have good cause to further prosecute the litigation pending before this Court. Moreover, because the Indenture Trustee has no control over the SEC Litigation, it cannot say whether it will actually result in NAB's defaults being cured. Accordingly, the parties agree that a stay—rather than dismissal—of this action is a prudent measure to allow the parties to continue working towards resolution of this matter without further expense involving the litigation before this Court.

### III.     CONCLUSION

In sum, the parties to this litigation are faced with a very dynamic and fluid situation. The borrower and principal Defendant in this case, NAB, has not yet appeared, and has instead filed for Chapter 11 bankruptcy in the Northern District of Georgia.  NAB's principal, Brogdon, is also currently defending a major litigation brought by the SEC in the District of New Jersey. Given that the Indenture Trustee is currently receiving payments from revenues generated by the Facility, which are being applied to amounts due under the loan documents, and given that its

collateral under the Loan Agreement and Security Deed are currently protected from transfer by applicable bankruptcy procedures, the parties agree that a stay of this litigation is warranted.

The parties further agree to report to this Court every 60 days with a status update with respect to: (1) the NAB Bankruptcy; (2) the SEC Litigation; and (3) whether Greystoke continues to make timely and sufficient payments to the Indenture Trustee. A proposed order granting the parties' request for a stay is attached hereto as **Exhibit "A"**.

[Signatures on following page]

- 9 -

Respectfully submitted this 31st day of March, 2016.

| | |
|---|---|
| */s/ Walter E. Jones* | *Timothy J. McGaughey* |
| T. Joshua R. Archer | Timothy J. McGaughey |
| Georgia Bar Number 021208 | Georgia Bar Number 002290 |
| Walter E. Jones | |
| Georgia Bar Number 163287 | TIMOTHY J. MCGAUGHEY, P.C. |
| | 3577 Chamblee Tucker Road |
| BALCH & BINGHAM LLP | Suite A # 313 |
| 30 Ivan Allen Jr. Boulevard, N.W. | Atlanta, Georgia 30341 |
| Suite 700 | Telephone: (678) 533-7005 |
| Atlanta, Georgia 30308 | tmcgaughey@tjmlaw.net |
| Telephone: (404) 962-3544 | |
| Facsimile: (404) 786-2743 | *Counsel for Defendant* |
| jarcher@balch.com | *Chattahoochee Nursing, LLC* |
| wjones@balch.com | |

*Counsel for Plaintiff*
*BOKF, N.A.*

*David A. Pope*
David A. Pope
Georgia Bar Number 583780
Matthew R. Hall
Georgia Bar Number 319225

SPIVEY, POPE, GREEN
& GREER, LLC

4875 Riverside Drive
Suite 200
Post Office Box 899
Macon, Georgia 31202
Telephone: (478) 254-8866
Facsimile: (478) 254-8980
dpope@spgglaw.com
mhall@spgglaw.com

*Counsel for Defendant*
*Greystoke Health Systems, Ltd.*

215458.4